IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| SAMMY L. SIMS * | |
| Plaintiff, * | |
| vs. * | CASE NO. 4:05-CV-155 (CDL) |
| CAMILLE HASSENPLUG, Ph.D., * Testing Coordinator, Columbus State University, in Her * Individual and Official Capacity; PATRICIA J. TAYLOR, * Test Security Specialist, Educational Testing Service, * in Her Individual and Official Capacity; FRANK BROWN, Ph.D., * President, Columbus State University; EDUCATIONAL TESTING SERVICE; and KURT LANDGRAF, * President and Chief Executive Officer, Educational Testing * Service, * | |
| Defendants * | |

O R D E R

Presently pending before the Court are Defendant Brown's Motion to Dismiss (Doc. 8), a Motion for Judgment on the Pleadings filed by Defendant Landgraf, as to all claims, and by Defendants Hassenplug, Taylor, and Educational Testing Service's ("ETS"), as to Plaintiff's Section 1983 claims (Doc. 10), and Plaintiff's motion for leave to file late responses and to file an amended complaint (Doc. 15). For the following reasons, Defendant Brown's Motion to Dismiss (Doc. 8) is granted; the Motion for Judgment on the Pleadings (Doc. 10) is granted in part and denied in part; and Plaintiff's motion for leave

to file late responses and to file amended complaint (Doc. 15) is denied.

## BACKGROUND

Accepting the facts in the Complaint as true for the purpose of Defendants' motions for dismissal, the following transpired between Plaintiff and Defendants:

Plaintiff Sammy L. Simms is currently a science teacher in Muscogee County, Georgia. Plaintiff, however, is not certified to teach in Georgia because he has not received a passing score on the PRAXIS II exam as required by the Georgia Professional Standards Commission ("GPSC"). Plaintiff claims that Defendants are responsible for his failure to receive certification and consequently for his failure to be hired as a full-time teacher.

In 2004, Plaintiff enrolled to take the PRAXIS II exam in general science. The exam is created, monitored, and given by Educational Testing Service ("ETS"). The November 2004 exam was given at Columbus State University ("CSU"). When Plaintiff arrived at the testing site, Defendant Camille Hassenplug, the CSU Testing Coordinator, asked Plaintiff for his identification. Plaintiff presented Defendant Hassenplug with his birth certificate, social security card, an attorney identification card, his county teacher identification card, and his high school teacher identification card. Defendant Hassenplug allowed Plaintiff to take the exam, but

explained that the forms of identification that were presented may not be sufficient and would have to be reviewed by ETS.

After five weeks, Plaintiff contacted ETS to inquire about the status of his PRAXIS II score. Plaintiff was told by Defendant Patricia Taylor that he needed to submit additional identification to ETS. Plaintiff mailed Defendant Taylor copies of the identification he had originally shown to Defendant Hassenplug, was told that this was sufficient, and was informed that he passed Part I of the PRAXIS II exam.

In January 2005, Plaintiff returned to CSU to take the PRAXIS I exam. Defendant Hassenplug was again at the door, mentioned that she remembered Plaintiff from the November exam, and allowed Plaintiff to take the PRAXIS I exam without showing any identification. Plaintiff received his scores from the PRAXIS I exam in a timely fashion.

In September 2005, Plaintiff arrived at CSU to take the final exam needed for teacher certification—Part II of the PRAXIS II. Defendant Hassenplug was again at the door. Although Plaintiff presented her with the same identification as had been presented in November 2004, Defendant Hassenplug told Plaintiff that his identification was insufficient. Defendant Hassenplug, however, allowed Plaintiff to take the exam.

After the exam, Defendant Hassenplug informed Defendant Taylor that Plaintiff's identification may have been insufficient and that Defendant Taylor should postpone the release of Plaintiff's test

3

scores.  In October 2005, Plaintiff received a letter from Defendant Taylor that explained that Defendant ETS was considering cancelling Plaintiff's PRAXIS scores for insufficient identification.  Defendant Taylor requested that Plaintiff supply ETS with proper identification.  Plaintiff sent Defendant Taylor copies of the aforementioned identification along with identification letters from the middle school and high school principals in his area.

In November 2005, Plaintiff received a response from Defendant Taylor that explained that the information Plaintiff submitted did not resolve the matter of his identity.  Therefore, Defendant Taylor gave Plaintiff a second deadline for the submission of proper identification, December 11, 2005, and explained that Plaintiff's test scores would be cancelled if Plaintiff failed to submit identification by this date.  Defendant Taylor also gave Plaintiff the option of retaking the exact same PRAXIS II exam.

Instead of submitting any additional identification or applying to take the PRAXIS again, Plaintiff filed the instant action. Plaintiff claims that Defendants Hassenplug, Taylor, ETS, Frank Brown, President of CSU, and Kurt Landgraf, Chief Executive Officer ("CEO") of ETS, have discriminated against him on the basis of his race in violation of 42 U.S.C. §§ 1981 and 1983.  Additionally, Plaintiff claims Defendants are liable to him for defamation and breach of contract under Georgia law.

DISCUSSION

I.   **Plaintiff's Motion to File Late Responses and to Amend Complaint**

In response to Defendants' motions, Plaintiff filed a motion to file late responses to the motion after discovery is completed. Plaintiff also seeks leave to amend his Complaint at some time in the future depending upon what discovery reveals. Plaintiff's motion is denied. Plaintiff has submitted no justifiable reason for a delay in responding to Defendants' Motion to Dismiss and Motion for Judgment on the Pleadings. These motions must be decided upon the pleadings and not upon future discovery. They are ripe for determination, and no justifiable reason for providing Plaintiff with additional time to respond is warranted. Furthermore, while leave should be liberally granted to amend pleadings, Plaintiff has provided no justifiable reason for granting an open-ended leave to allow Plaintiff to possibly amend his Complaint at some indefinite date in the future depending upon what discovery reveals. Plaintiff does not even suggest to the Court what amendment he seeks to make but merely speculates that such an amendment may be appropriate at the close of discovery. Plaintiff's motion is denied.[1]

---

[1] The Court notes that with regard to Plaintiff's claim against Defendant Hassenplug in her individual capacity, the Court has converted that part of Defendant Hassenplug's Motion for Judgment on the Pleadings to a motion for summary judgment and is providing Plaintiff additional time to respond to it. *See infra.*

## II. Defendants' Motion to Dismiss and Motion for Judgment on the Pleadings

Defendants have moved for dismissal under Rules 12(b)(6) and 12(c)of the Federal Rules of Civil Procedure. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "[T]he analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997). "Judgment on the pleadings under Rule 12(c) is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002) (citation omitted). Therefore, under either Rule 12(c) or 12(b)(6), the court should dismiss the complaint only "[i]f upon reviewing the pleadings it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations." *Id.* (citation omitted).

### A. Defendant Brown's 12(b)(6) Motion to Dismiss

Plaintiff asserts claims against Defendant Brown in his official capacity pursuant to 42 U.S.C. §§ 1981 and 1983 based upon Brown's alleged failure to adequately monitor the activities of Defendant

Hassenplug.[2]  (Compl. ¶¶ 68-70.)  Defendant Brown responds with a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), contending that Plaintiff's Complaint fails to state a claim under either § 1981 or § 1983.

The Court notes that Plaintiff sued Defendant Brown in his official capacity only.  A suit against a Georgia state university president in his official capacity is in effect a suit against the university.[3]  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.").  Defendant Brown is President of Columbus State University ("CSU").  CSU is part of the University System of Georgia and a state entity for Eleventh Amendment sovereign immunity purposes.  *Williams v. Bd. of Regents of the Univ. Sys. of*

---

[2] Plaintiff brings a claim for damages against Defendant Brown for violations of both § 1981 and § 1983.  When the defendant is a state actor, "§ 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981." *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 733 (1989); *Pearson v. Macon-Bibb County Hosp. Auth.*, 952 F.2d 1274, 1278 n.3 (11th Cir. 1992).  Therefore, since Defendant Brown is President of CSU and consequently a state actor, the § 1981 and § 1983 claims are treated as one claim under § 1983.  *Butts v. County of Volusia*, 222 F.3d 891, 893-94 (11th Cir. 2000).

[3] The Court recognizes that this principle does not apply when a state official is sued in his or her official capacity for injunctive relief.  To the extent that Plaintiff suggests that his Complaint included a claim for injunctive relief against Brown, the Court finds that Plaintiff does not have standing to pursue any such claim since Plaintiff has not and cannot claim "a real and immediate—as opposed to a merely conjectural or hypothetical—threat of *future* injury" by Defendant Brown.  *Wooden v. Bd. of Regents of the Univ. Sys. of Ga.*, 247 F.3d 1262, 1284 (11th Cir. 2001) (citation omitted); *see generally Id.* at 1283-87.

*Ga.*, 441 F.3d 1287, 1303 (11th Cir. 2006). A suit against Defendant Brown in his official capacity, therefore, is "no different from a suit against the State itself," and Defendant Brown is entitled to Eleventh Amendment immunity if CSU is entitled to immunity. *Will*, 491 U.S. at 71.

"Under most circumstances, the Eleventh Amendment bars suits against states and state entities by their citizens." *Id.* In order for a citizen to sue a state, either that state must have waived its Eleventh Amendment immunity or Congress must have specifically abrogated the immunity. *Scott v. Taylor*, 405 F.3d 1251, 1255 (11th Cir. 2005) (citation omitted); *Zatler v. Wainwright*, 802 F.2d 397, 399-400 (11th Cir. 1986) (citations omitted). "It is clear that Congress did not intend to abrogate a state's [E]leventh [A]mendment immunity in section 1983 damage suits." *Zatler*, 802 F.2d at 400 (citation omitted); *see also Williams*, 441 F.3d at 1303. Furthermore, Georgia has not waived its sovereign immunity for CSU. *See Williams*, 441 F.3d at 1303 ("Nor has UGA or the Board of Regents waived its Eleventh Amendment immunity.").[4] Therefore, Defendant Brown is entitled to Eleventh Amendment immunity, and Plaintiff's § 1981 and § 1983 claims against Defendant Brown must be dismissed.

---

[4] Georgia has waived its immunity only for torts as set out in O.C.G.A. § 50-21-25. *See also* O.C.G.A. § 50-21-23. Furthermore, Georgia has specifically declined to waive its immunity for actions brought in federal courts. O.C.G.A. § 50-21-23(b).

Plaintiff also asserts state law claims for defamation and breach of contract against Defendant Brown. Plaintiff brings these claims against Brown in his official capacity. These claims must also be considered claims against the state which are barred by sovereign immunity. *See* O.C.G.A. § 50-21-23(b) ("The state does not waive any immunity with respect to actions brought in the courts of the United States."); O.C.G.A. § 50-21-24 ("The state shall have no liability for losses resulting from: . . . (2) The exercise or performance of or failure to exercise or perform a discretionary function or duty on the part of a state officer or employee, whether or not discretion involved is abused; . . . (7) . . . libel, slander, or interference with contractual rights."). Plaintiff's state claims against Defendant Brown are therefore also dismissed.

**B. Remaining Defendants' Motion for Judgment on the Pleadings**

    1. Claims under § 1983 - ETS, Landgraf, Taylor, and Hassenplug

        *a. ETS, Landgraf, and Taylor*

Plaintiff claims that Defendant ETS and its employees, Landgraf and Taylor, violated his constitutionally protected rights by withholding his PRAXIS exam scores. Construing the pleadings in Plaintiff's favor, it appears that Plaintiff attempts to assert a claim under § 1983 for a deprivation of due process in violation of the Fourteenth Amendment based upon his contention that he has been denied teacher certification and a job as a full time teacher.

Defendants ETS, Landgraf, and Taylor move for judgment on the pleadings on these claims. Fed. R. Civ. P. 12(c).

Generally, a private party cannot be held liable under § 1983. In order for a private party to be liable, the plaintiff must allege that the private party engaged in state action. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937-38 (1982). A state action occurs when a deprivation is "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state [sic] or by a person for whom the State is responsible," and "the party charged with the deprivation [is] a person who may fairly be said to be a state actor." *Id.* at 937. No state action has occurred here because Defendant ETS is not a state actor.

Plaintiff argues that ETS is a state actor because it has engaged in an "exclusive partnership" with the GPSC to "administer an elaborate testing scheme" which adheres to the standards established by the GPSC. (Compl. 2.) Plaintiff further claims that the GPSC has "delegated certain powers to ETS." (*Id.*) These allegations, even when taken as true, do not establish that the Defendant ETS or its employees are state actors.

When determining whether a private party is a state actor for the purpose of the Fourteenth Amendment and § 1983, a court must apply three separate tests under the precedent of this circuit. First, the court applies the public function test to determine whether the private actor has "perform[ed] functions that are

traditionally the *exclusive* prerogative of the state." *Langston v. ACT*, 890 F.2d 380, 384 (11th Cir. 1989). "[A] mere showing that a private person performs a public function is not enough to establish state action." *Id.* Second, the court applies the state compulsion test to determine whether "the state has exercised coercive power or has provided such significant encouragement, either overt or covert, that the private actor's choice must be deemed to be that of the state." *Id.* at 385. Finally, the court applies the nexus/joint-action test to determine whether the state has so "intertwined itself" with the private actor "that the state was a joint participant in the enterprise." *Id.* Applying each of these tests to the pleadings in this case, the Court finds that neither ETS nor its employees are state actors for purposes of § 1983 liability.

First, ETS does not perform a function that is traditionally an exclusive function of the state. "[T]he formulation, grading, and reporting of standardized tests is not an exclusive public function." *Johnson v. Educ. Testing Serv.*, 754 F.2d 20, 25 (1st Cir. 1985) (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 842 (1982)); *see also Langston*, 890 F.2d at 384-85. Therefore, ETS is not a state actor under the public function test.

Second, the state has exercised no coercive power over ETS, having not been involved in ETS's decision making process. *See e.g. Tolleson v. Educ. Testing Serv.*, 832 F. Supp. 158, 161 (D. S.C. 1992) (finding that ETS was not a state actor in part because the South

11

Carolina Department of Education was not involved in the decisions made by ETS). ETS alone makes the decision as to whether an ID is sufficient and whether an exam score should be withheld. Additionally, "ETS merely reports test scores," *Johnson*, 754 F.2d at 24, and "has no authority to determine certification or make any judgments as to the qualifications of [teachers]." *Tolleson*, 832 F. Supp. at 161. Since there was no coercive power exercised by the state against ETS, ETS is not a state actor under the state compulsion test. *See Langston*, 890 F.2d at 385 ("The reliance of state institutions on the validity of test results is not enough to convert [the American College Testing Program's] security measures into state action under the state compulsion test.").

Finally, ETS and the state are not so intertwined that the state or GPSC should be considered a joint participant in ETS's actions. *E.g. Tolleson*, 832 F. Supp. at 161. No allegation is made that GPSC exercises influence over ETS's decisions regarding proper identification or withholding exam scores. ETS merely reports scores to the GPSC. The GPSC then makes the determination as to whether an applicant can receive certification as a full time teacher. The two entities have no influence over each other's decisions. Therefore, there is no sufficient nexus or joint-action between the state and ETS to support a finding that ETS is a state actor. *See Langston*, 890 F.2d at 385; *Johnson*, 754 F.2d at 24-25; *Tolleson*, 832 F. Supp. at 161-63.

Since ETS and its employees are not state actors, Plaintiff cannot sustain a § 1983 claim against these Defendants. Defendants ETS, Landgraf, and Taylor's Motion for Judgment on the Pleadings is therefore granted with respect to Plaintiff's § 1983 claims.[5]

### b. *Hassenplug*

Plaintiff asserts a § 1983 claim against Defendant Hassenplug, alleging that she is an employee of CSU, that she is a state official, and that her actions were taken in her official capacity. (Compl. ¶ 41.) Defendant Hassenplug moves for judgment on the pleadings for Plaintiff's § 1983 claims, contending that she is an independent contractor for ETS and not a state actor. To determine whether Defendant Hassenplug is a state actor, the Court must look beyond the pleadings. Therefore, judgment on the pleadings would not be appropriate. *See Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1237 (11th Cir. 2004) (explaining that a district court is required to convert a motion to dismiss to a motion for summary judgment if the court relies on documents outside of the pleadings) (citation omitted). However, another basis exists for granting judgment on the pleadings to Hassenplug on this claim. Plaintiff alleges that Defendant Hassenplug is a state actor. Consequently, the § 1983 claim against her in her official capacity must be treated as a claim against the state. Furthermore, for the reasons previously explained

---

[5]This includes claims against Defendant Taylor in both her official and individual capacities.

regarding the § 1983 claims against Defendant Brown, this claim must be dismissed based upon Eleventh Amendment immunity.

Regarding Plaintiff's claim against Defendant Hassenplug in her individual capacity, the Court notes that she has not sought qualified immunity because she contends that she is not a state actor, a fact which is disputed in the pleadings. If she is not a state actor, then she would be entitled to judgment as a matter of law. Therefore, the Court converts Defendant Hassenplug's Motion for Judgment on the Pleadings as to Plaintiff's claim against Hassenplug in her individual capacity to a motion for summary judgment. Defendant shall have thirty days to file any affidavits in support of summary judgment. Plaintiff shall then have twenty days from the filing of any such affidavits to file a response to this motion as a summary judgment motion.[6]

---

[6] The Court acknowledges that this may result in the granting of summary judgment in Defendant Hassenplug's favor on Plaintiff's claim against her in her individual capacity based upon a finding that Hassenplug is undisputably not a state actor. This would appear to conflict with the Court's ruling today that Plaintiff's claim against Defendant Hassenplug in her official capacity cannot survive Eleventh Amendment immunity because she is alleged to be a state actor. While on the surface these results appear inconsistent, they are perfectly consistent with the procedural posture of the case. At the dismissal stage, the Court must accept Plaintiff's pleadings as true, and Plaintiff pleads that Hassenplug is a state actor. At the summary judgment stage, Defendant has the right to pierce Plaintiff's pleadings and require Plaintiff to come forth with evidence in support of his allegations. If he fails to do so and if under the undisputed facts he cannot sustain his claim, then Defendant would be entitled to summary judgment, notwithstanding the fact that it may be based upon undisputed facts that differ from the alleged facts upon which the motion to dismiss was based.

2. Defendant Landgraf - § 1981

Plaintiff also asserts claims against Defendants ETS, Taylor, and Landgraf under § 1981.  42 U.S.C. § 1981.  Only Defendant Landgraf has moved for judgment on the pleadings as to Plaintiff's § 1981 claims.  Fed. R. Civ. P. 12(c).

Section 1981 applies to the actions of private individuals, and prohibits intentional discrimination based on race.  *Gen. Bldg. Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 387-88 (1982).  Plaintiff, however, has failed to allege that Defendant Landgraf intentionally discriminated against him in any way—he does not allege that Defendant Landgraf had any knowledge of the actions of Defendants Hassenplug or Taylor; that Defendant Landgraf had any involvement in the decision to withhold Plaintiff's test scores; or that Defendant Landgraf interfered with his right to make or enforce any contract in any way.  (Compl. ¶¶ 8-39, 59-62.)  In fact, Plaintiff does not even mention Defendant Landgraf in the Complaint's statement of facts.  Although civil rights complaints should be construed liberally, a plaintiff must do more than allege "unsupported conclusions of law or of mixed law and fact."  *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1271 (11th Cir. 2004) (citation and internal quotation marks omitted).  In this case, Plaintiff has failed to allege *any* factual basis on which Defendant Landgraf could be held liable under § 1981.  Therefore, Defendant

Landgraf is entitled to judgment on the pleadings on this claim. *See, e.g., Jackson*, 372 F.3d at 1269-74.

3. Remaining State Law Claims

A careful review of Plaintiff's Complaint reveals that he is asserting state law claims for defamation against Defendants Hassenplug and Taylor, (Compl. ¶¶ 71-75.), and that he asserts a state law breach of contract claim against ETS. (Compl. ¶¶ 76-80.) Plaintiff has alleged sufficient facts to support these claims, and they are not dismissed. To make it clear, however, the Court finds that no other state law claims have been sufficiently alleged against Defendants ETS, Taylor, Hassenplug, or Landgraf, and therefore, to the extent that Plaintiff intended to assert additional state law claims against them, they are dismissed.[7]

CONCLUSION

To summarize, Plaintiff's motion to file late responses and for leave to amend Complaint is denied. All claims against Defendants Brown and Landgraf are dismissed. The Motion for Judgment on the Pleadings is granted as to Plaintiff's § 1983 claim against Defendants ETS, Taylor, and Hassenplug in her official capacity. Additionally, any purported state law claim for defamation is dismissed as to Defendant ETS, and any purported claim for breach of

---

[7]Plaintiff's failure to plead any facts which would entitle him to relief as against these Defendants is fatal to his claims. *Smith v. Germania of America*, 249 Ga. App. 587, 588, 549 S.E.2d 423, 424-25 (2001).

contract against Defendants Hassenplug and Taylor are likewise dismissed.  Defendant Hassenplug's Motion for Judgment on the Pleadings as to Plaintiff's § 1983 claim against her in her individual capacity is converted to a Motion for Summary Judgment. Defendant shall have thirty days from the date this Order is filed to supplement her motion, and Plaintiff shall have twenty days from the filing of any such supplementation or sixty days from the date of today's Order if no such supplementation is filed to file a response to the Motion for Summary Judgment.

The following claims remain pending: § 1981 claims against Defendants ETS, Taylor, and Hassenplug; a § 1983 claim against Defendant Hassenplug in her individual capacity; a state law claim of defamation against Defendants Hassenplug and Taylor; and finally, a state law claim for breach of contract against Defendant ETS.

IT IS SO ORDERED, this 25th day of July, 2006.

                                    S/Clay D. Land
                                         CLAY D. LAND
                                    UNITED STATES DISTRICT JUDGE