```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION
```

| | |
|---|---|
| SAMMY L. SIMS | * |
|     Plaintiff, | * |
| vs. | * |
| |    CASE NO. 4:05-CV-155 (CDL) |
| CAMILLE HASSENPLUG, Ph.D., | * |
| Testing Coordinator, Columbus | |
| State University, in Her | * |
| Individual and Official | |
| Capacity; PATRICIA J. TAYLOR, | * |
| Test Security Specialist, | |
| Educational Testing Service, | * |
| in Her Individual and Official | |
| Capacity; FRANK BROWN, Ph.D., | * |
| President, Columbus State | |
| University; EDUCATIONAL TESTING | * |
| SERVICE; and KURT LANDGRAF, | |
| President and Chief Executive | * |
| Officer, Educational Testing | |
| Service, | * |
|     Defendants | * |

## O R D E R

Presently pending before the Court is Defendant Hassenplug's Motion for Summary Judgment (Doc. 10). For the following reasons, Defendant Hassenplug's motion is granted.

## BACKGROUND

This case arises out of the alleged racial discrimination by Defendants against Plaintiff, Sammy L. Simms. Plaintiff is currently a science teacher in Muscogee County, Georgia. Plaintiff, however, is not certified to teach in Georgia because he has not received a

passing score on the PRAXIS II exam as required by the Georgia Professional Standards Commission ("GPSC"), and cannot be hired as a full-time teacher. Plaintiff claims that Defendants committed certain discriminatory acts which prevented him from receiving certification. Plaintiff brought this action on December 23, 2005, seeking damages for racial discrimination under 42 U.S.C. §§ 1981 and 1983.

On March 31, 2006, Defendants Landgraf, Hassenplug, Taylor, and Education Testing Service ("ETS") filed a Motion for Judgment on the Pleadings. The Court granted the motion as to all claims against Defendant Landgraf. Additionally, the Court granted the motion as to all of Plaintiff's § 1983 claims against Defendants Taylor, ETS, and Hassenplug, except against Defendant Hassenplug in her individual capacity. (*See generally* Order, July 25, 2006.) The Court converted Defendant Hassenplug's Motion for Judgment on the Pleadings to a Motion for Summary Judgment in order to allow the parties to submit evidence regarding Defendant Hassenplug's status as a state actor. Thus, presently pending before the Court is Defendant Hassenplug's converted Motion for Summary Judgment (Doc. 10).

## DISCUSSION

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a

matter of law." Fed. R. Civ. P. 56(c).  Here, Defendant claims that she is entitled to summary judgment on Plaintiff's § 1983 claim because she is not a state actor.  Plaintiff alleges that Defendant Hassenplug is an employee of Columbus State University ("CSU"), and as such, is a state actor.[1]

As the Court explained in its July 25, 2006 Order, in this case ETS did not engage in state action and is not a state actor.[2]  (Order 9-13, July 25, 2006.)  Defendant Hassenplug argues that at all times relevant to this case she was an independent contractor for ETS and not acting within the scope of her duties as an employee of CSU.  If Defendant Hassenplug was an independent contractor for ETS, a private entity, she was not a state actor and is entitled to summary judgment on Plaintiff's § 1983 claims.

The evidence submitted by Defendant Hassenplug shows that on September 17, 2005, the date that Plaintiff failed Part II of the PRAXIS II exam, she was working as an independent contractor for ETS.

---

[1] CSU is part of the University of Georgia system and is consequently a state entity.  *Williams v. Bd. of Regents of the Univ. Sys. of Ga.*, 441 F.3d 1287, 1303 (11th Cir. 2006).  Defendant Hassenplug is the Director of CSU's Testing Center but contends that at the time of the alleged discriminatory conduct she was not within the scope of her employment with CSU but was acting as an independent contractor for a non-state entity.

[2] A private party cannot generally be held liable under § 1983.  In order for a private party to be liable, the plaintiff must allege that the private party engaged in state action.  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937-38 (1982).  A state action occurs when a deprivation is "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state [sic] or by a person for whom the State is responsible," and "the party charged with the deprivation [is] a person who may fairly be said to be a state actor."  *Id.* at 937.

(Schroeder Decl. ¶ 8, Aug. 21, 2006; Hassenplug Decl. ¶ 2, Aug. 16, 2006.) Defendant Hassenplug signed a contract with ETS, agreed to abide by ETS's conditions in giving the PRAXIS exam, wore a name tag identifying her as a member of ETS's test administration staff, and was compensated by ETS for her time in administering the exam. (Schroeder Decl. ¶¶ 5-8; Hassenplug Decl. ¶¶ 3, 5-6.) Since Defendant Hassenplug was an independent contractor for ETS when she administered Plaintiff's PRAXIS II exam, she is not a state actor for purposes of Plaintiff's § 1983 claim.

Plaintiff has submitted no evidence to the contrary—to show that Defendant Hassenplug was acting as a CSU employee, and consequently a state actor, when giving the PRAXIS exam. At the summary judgment stage, the Plaintiff cannot rest on mere allegations, but instead must present some evidence to support his claim. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Plaintiff has failed to produce any evidence or even respond to Defendant Hassenplug's Motion for Summary Judgment. Defendant, however, has produced evidence showing that she was an ETS independent contractor. The Court therefore finds that on September 17, 2005, when Defendant Hassenplug administered the PRAXIS II exam, she was acting as an independent contractor for ETS and not as a CSU employee. Consequently, Defendant Hassenplug is not a state actor for the purpose of Plaintiff's § 1983 claim. Defendant Hassenplug is therefore entitled

to summary judgment on Plaintiff's § 1983 claim against her in her individual capacity.

CONCLUSION

Defendant Hassenplug's Motion for Summary Judgment (Doc. 10) is granted.  The Court notes that the following claims remain pending: § 1981 claims against Defendants ETS, Taylor, and Hassenplug; a state law claim for defamation against Defendants Hassenplug and Taylor; and finally, a state law claim for breach of contract against Defendant ETS.

IT IS SO ORDERED, this 5th day of October 2006.

                                        S/Clay D. Land
                                           CLAY D. LAND
                      UNITED STATES DISTRICT JUDGE