IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| SAMMY L. SIMS, | * | |
| Plaintiff, | * | |
| vs. | * | CASE NO. 4:05-CV-155(CDL) |
| EDUCATIONAL TESTING SERVICE, *et al.*, | * | |
| | * | |
| Defendants. | * | |

O R D E R

Presently pending before the Court is Defendant Educational Testing Service's ("ETS") Motion for a Partial Award of Attorneys' Fees (Doc. 52). As discussed below, this motion is granted, and ETS is awarded attorneys' fees in the amount of $10,000.00.[1]

FACTUAL AND PROCEDURAL BACKGROUND

In this lawsuit, Plaintiff claimed that ETS prevented him from becoming a certified teacher. To become certified, Plaintiff was required to pass the PRAXIS exam, which is administered by ETS. The PRAXIS registration bulletin required Plaintiff to present "acceptable and valid" identification in order to sit for the PRAXIS exam, and the bulletin listed the types of identification that were acceptable. Plaintiff sat for the PRAXIS exam, but he did not

---

[1] The Clerk of the Court previously taxed costs in the amount of $2,392.16 against Plaintiff, the Court granted ETS's motion to enforce the judgment, and the Clerk of the Court issued a Writ of Execution regarding the costs. Accordingly, the only matter presently before the Court is the issue of attorneys' fees.

1

provide proper identification as required by ETS. Although ETS informed Plaintiff that his identification was unacceptable and gave him opportunities to provide acceptable identification, Plaintiff failed to provide acceptable identification as defined in the PRAXIS bulletin. Accordingly, ETS refused to release Plaintiff's scores.

Plaintiff initially sued ETS and various individual defendants under 42 U.S.C. § 1983 and 42 U.S.C. § 1981, as well as several state law theories, such as defamation and breach of contract. The Court dismissed many of Plaintiff's claims, and Plaintiff subsequently dismissed with prejudice all of his claims except his breach of contract claim against ETS. (Order on Motion to Dismiss, July 25, 2006, Doc. 17; Consent Order of Dismissal, May 25, 2007, Doc. 32.) Both parties filed motions for summary judgment on that claim, and the Court found that no breach of contract occurred because ETS had a contractual right to refuse to release the scores. (Order on Motions for Summary Judgment, July 19, 2007, Doc. 48.)

## DISCUSSION

ETS seeks attorneys' fees under 28 U.S.C. § 1927, which provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

A sanction under 28 U.S.C. § 1927 may be made against Plaintiff, a licensed attorney, despite the fact that Plaintiff proceeded pro se

2

in this action.  *See Bonfiglio v. Nugent*, 986 F.2d 1391, 1394-95 (11th Cir. 1993).  To receive attorneys' fees under § 1927, ETS must show (1) that Plaintiff engaged in "unreasonable and vexatious" conduct (2) which "multiplie[d] the proceedings" and (3) that the dollar amount of the sanction does not exceed the "costs, expenses, and attorneys' fees reasonably incurred" because of the unreasonable and vexatious conduct.  *Briggs v. Briggs*, 260 F. App'x 164, 165 (11th Cir. 2007); *Peterson v. BMI Refractories*, 124 F.3d 1386, (11th Cir. 1997).

Conduct is "unreasonable and vexatious" when it is "tantamount to bad faith" when measured against an objective standard.  *Hudson v. Int'l Computer Negotiations, Inc.*, 499 F.3d 1252, (11th Cir. 2007). Knowingly or recklessly pursuing a frivolous claim meets this standard.  *Id.*  Here, Plaintiff knowingly or recklessly pursued his frivolous breach of contract claim.  His key arguments–that ETS waived the identification requirements for Plaintiff and that his 28 year-old attorney identification for the U.S. District Court for the Eastern District of Pennsylvania was an adequate form of identification–were clearly not supported by the evidence revealed during discovery.  First, Plaintiff agreed to the terms of the PRAXIS bulletin, including the identification requirement, and ETS never waived the requirement; rather, ETS notified Plaintiff at every turn that his proffered identification was inadequate and gave him multiple opportunities to remedy the situation.  Second, Plaintiff

3

admitted that the attorney identification card was limited to use in the issuing court; it was clearly not "state" or "national" identification as required by the PRAXIS bulletin. For all of these reasons, the Court finds that Plaintiff's conduct in this case was "unreasonable and vexatious."

Conduct "'multiplies proceedings' when 'it results in proceedings that would not have been conducted otherwise.'" *Briggs*, 260 F. App'x at 165 (quoting *Peterson*, 124 F.3d at 1396). Here, the evidence established during discovery demonstrated that ETS did not breach its contract with Plaintiff. Nonetheless, Plaintiff continued to pursue his meritless breach of contract claim. As a result, ETS filed a motion for summary judgment and continued to negotiate with Plaintiff for a resolution of the case, and Plaintiff filed his own motion for summary judgment, to which ETS had to respond. The Court finds that this conduct multiplied the proceedings.

The final question is whether the sanction bears a financial nexus to the excess proceedings. *Peterson*, 124 F.3d at 1396. ETS seeks attorneys' fees and expenses in the amount of $10,000. These expenses are related to summary judgment briefing and ETS's efforts to resolve this matter. The starting point for determining the amount of a reasonable fee is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). However, hours that were not "reasonably expended" should not be included in a fee award,

4

and attorneys making a fee request must exercise billing judgment: a fee request should not include hours that are "excessive, redundant or otherwise unnecessary." *Id.* at 434.

The Court finds that $10,000 does not exceed the attorneys' fees reasonably incurred because of Plaintiff's unreasonable and vexatious conduct. ETS submitted billing records reflecting the work performed by each attorney (and one paralegal) related to summary judgment briefing and post-discovery resolution efforts. The time included on the billing records was recorded in a contemporaneous manner. The legal team charged ETS their customary rates charged to fee-paying clients, except R. Lawrence Ashe charged ETS an amount that is substantially lower than the rate he customarily charges other fee-paying clients. *See Mayson v. Pierce*, 806 F.2d 1556, 1557 (11th Cir. 1989) (noting that billing rates charged to other clients is evidence of the reasonable hourly rate). As discussed below, ETS requests fees for a reasonable number of hours. Furthermore, ETS prevailed completely on its summary judgment motion and in its opposition to Plaintiff's summary judgment motion. *See Hensley*, 461 U.S. at 434 (noting that "results obtained" is an important factor in determining a fee award).

Three attorneys, including one partner, one senior associate and one junior associate, worked on this case, along with one paralegal. The team—primarily the senior associate—logged a total of 96.7 hours on ETS's summary judgment brief and reply in support; the team—again,

5

primarily the senior associate—worked a total of 25 hours on the response to Plaintiff's motion for summary judgment; and the team—primarily the junior associate—spent a total of 20.2 hours attempting to resolve this matter with Plaintiff. Multiplying those hours by the customary fees charged to ETS, ETS incurred attorneys' fees totaling $30,572.50: $21,737.50 for filing ETS's motion for summary judgment and reply brief; $5,154.50 for responding to Plaintiff's motion for summary judgment; and $3,680.50 for corresponding with Plaintiff in an attempt to resolve this matter. In its fee application, ETS excluded hours that it deemed to be excessive or redundant. As a result, ETS now requests only $10,000, less than one-third of the total charges it incurred related to summary judgment briefing and post-discovery resolution efforts. The Court concludes that the requested fee of $10,000 bears a financial nexus to the excess proceedings and that ETS is entitled to an award of $10,000 in attorneys' fees under § 1927.[2]

CONCLUSION

As discussed above, ETS's Motion for a Partial Award of Attorneys' Fees (Doc. 52) is granted, and ETS is awarded attorneys' fees in the amount of $10,000.00.

---

[2]The Court also finds that the award of attorneys' fees is appropriate under the Court's inherent authority to impose reasonable sanctions upon a party who shows bad faith by delaying or disrupting the litigation. *See Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1545-46 (11th Cir. 1993). As discussed above, Plaintiff knowingly or recklessly continued to pursue his meritless breach of contract claim even though it became clear during discovery that there was no evidence to support such a claim. Furthermore, the fee requested is reasonable.

IT IS SO ORDERED, this 2nd day of June, 2008.


                                    S/Clay D. Land
                                      CLAY D. LAND
                              UNITED STATES DISTRICT JUDGE